**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEY MORROW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. ED CV 15-02447 JVS (AFM)<br><br>**ORDER DENYING PETITION**<br>**(FED. R. CIV. P. 27)** |

　　On December 1, 2015, petitioner, a federal prisoner proceeding *pro se* who was incarcerated at the United States Penitentiary in Victorville, California ("USP Victorville"), filed a verified document entitled "Petition before civil action" ("Petition") pursuant to Fed. R. Civ. P. 27, 34, and 37.  (Doc. No. 1 at 1.)

　　Petitioner states that he is seeking "orders to secure electronically stored information" pertaining to an incident of the alleged use of excessive force by Correctional Officer Valez at USP Victorville.  Petitioner also states that he expects to file an action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), in which he will be the plaintiff.  Petitioner seeks to have saved electronically stored information (digital, audio visual, sound, and video tape recordings) concerning an

incident in a holding cell on October 21, 2015. (*Id.* at 2-3.) Petitioner expects that the adverse parties to the future action will be the United States and Officer Valez. (*Id.* at 3.)

Rule 27(a) of the Federal Rules of Civil Procedure governs when a person may obtain an order to "perpetuate testimony" before an action is filed. Pursuant to Rule 27, the petition must show:

> (A) *that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought*;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent. (emphasis added)

Rule 27 also states that the petition "must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony." Nevertheless, when the requirements of Rule 27 have been met, courts have permitted a petition to seek solely the production of documents, without a deposition. *See, e.g., Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55-56 (9th Cir. 1961).

Here, however, the Petition does not meet all other requirements of Rule 27. Specifically, Petitioner states that he wants to use the electronic information in connection with a future *Bivens* action, but fails to provide any reason why he cannot bring ─ and has not brought ─ this lawsuit promptly. Although the Petition contains detailed information about the October 2015 event at USP Victorville (in which handcuffs were allegedly applied by Office Valez in a way that caused pain and suffering) and about the "expected action(s)" that petitioner plans to bring as a

result of the prison event, the Petition is silent as to any reason why petitioner "cannot presently bring [the action] or cause it to be brought" as required by Rule 27. The Ninth Circuit has emphasized that in such circumstances, Rule 27 cannot be used as a substitute for discovery to determine whether a cause of action exists or simply to preserve information that may be helpful in soon to be filed litigation. *See Martin v. Reynolds Metals Corp.*, 297 F.2d at 55 (noting possible abuse of Rule 27 by "potential plaintiffs, who might try to use it as a means of discovery to enable them to draw a complaint"); *State of Nevada v. O'Leary*, 63 F.3d 932, 933 (9th Cir. 1995) ("Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief."). For this reason, the Petition fails to establish a necessary predicate for a request to perpetuate testimony or evidence under Rule 27, and it must be denied.[1] The denial of the Petition is without prejudice to petitioner filing a civil rights action pertaining to the alleged incident of the use of excessive force at USP Victorville.

Accordingly, the referral to the United States Magistrate Judge is withdrawn, the Petition is DENIED, and the matter is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: March 21, 2016

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[1] The Petition also cites to Fed. R. Civ. P. 34 and 37, but those rules do not provide an independent basis for the requested relief outside of Rule 27. Petitioner has not yet filed a civil action in this Court, and therefore, he has no right to file a Rule 34 request at this time. There also is no basis for a Rule 37 motion for failure to make disclosures or cooperate in discovery.